UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
TIMOTHY BIRCHALL,
                Plaintiff,
v.

ANTHONY J. ANNUCCI, NYS DOCCS         **OPINION AND ORDER**
Commissioner; THOMAS GRIFFIN,
Superintendent; DONALD WILKINS, Deputy     18 CV 2679 (VB)
Superintendent of Security; CORRECTION
OFFICER J. VON DER HEYDE; and
CORRECTION OFFICER J. OSTERHOUDT,
                Defendants.
--------------------------------------------------------------x

Briccetti, J.:

    Plaintiff Timothy Birchall, proceeding pro se and in forma pauperis, brings this action under 42 U.S.C. § 1983 against defendants Anthony J. Annucci, Acting Commissioner of the New York State Department of Corrections and Community Supervision ("DOCCS"); Superintendent ("Supt.") Thomas Griffin; Deputy Supt. of Security Donald Wilkins; Correction Officer ("C.O.") J. von der Heyde; and C.O. J. Osterhoudt. Plaintiff asserts Eighth Amendment claims against (i) C.O. von der Heyde and C.O. Osterhoudt for excessive force, and (ii) Commissioner Annucci, Supt. Griffin, and Deputy Supt. Wilkins for failure to protect plaintiff from an assault by another inmate.

    Now pending is defendants' motion to dismiss the amended complaint[1] pursuant to Rule 12(b)(6). (Doc. #37).

    For the reasons set forth below, the motion is GRANTED.

    The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

---

[1] Plaintiff filed an amended complaint (Doc. #6), and then submitted a letter dated May 22, 2018, containing allegations not pleaded in the amended complaint. (Doc. #10). On May 25, 2018, the Court issued an Order liberally construing the amended complaint and plaintiff's May 22 letter together as the operative amended complaint. (Id.).

**BACKGROUND**

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the amended complaint and its exhibits and draws all reasonable inferences in plaintiff's favor, as summarized below.

Plaintiff was a convicted inmate at all relevant times. He is now housed at Green Haven Correctional Facility ("Green Haven"), to which he was transferred from Eastern Correctional Facility ("Eastern").

At Eastern on February 12, 2015, plaintiff alleges C.O. von der Heyde put plaintiff "on the wall" for a pat-frisk. (Doc. #6 ("Am. Compl.") at 4). Plaintiff alleges von der Heyde then shoved plaintiff and called him a "scumbag" and a "piece of shit." (Id.). Next, von der Heyde allegedly shoved plaintiff in an effort to make him "come off the wall" and said, "I know you [and] we read the paper around here."[2] (Id.). Plaintiff claims C.O. von der Heyde then punched plaintiff in the back of his head, causing his head to slam into the wall. Plaintiff alleges C.O. von der Heyde "wrote a fraudulent ticket [and] had [plaintiff] placed on keeplock status." (Id.).

The next day, plaintiff claims he was called out of his cell and "told to report downstairs." (Am. Compl. at 4). After plaintiff exited his cell, C.O. Osterhoudt allegedly punched plaintiff in the face, causing plaintiff to fall. According to plaintiff, C.O. Osterhoudt then kicked plaintiff in the ribs, stuffed the disciplinary ticket issued the previous day in plaintiff's mouth, and said, "You've been served, Tier II Fuck Face." (Id.). Plaintiff claims he then "wrote Albany" requesting to be moved to a different facility. (Id.).

Later in February 2015, plaintiff was allegedly transferred to Green Haven and placed on suicide watch. Plaintiff claims that after arriving at Green Haven, he requested protective

---

[2] The meaning of this alleged statement is unclear.

2

custody multiple times without success.  Elsewhere, plaintiff asserts his protective custody request was investigated by a sergeant who, according to plaintiff, "would have submitted his findings to" Deputy Supt. Wilkins.  (Doc. #46 ("Pl. Opp. Br.") at 2).

On December 19, 2016, plaintiff alleges another inmate assaulted plaintiff and stabbed him multiple times in the neck and head, causing injuries.  Plaintiff apparently believes the assailant used a metallic weapon smuggled into Green Haven.  According to plaintiff, correction officers at Green Haven "never use the metal detectors on the way to work, only leaving."  (Am. Compl. at 4).  Plaintiff claims that correction officers' alleged failure to use metal detectors when arriving at Green Haven caused the injuries plaintiff allegedly suffered from the assault.

## DISCUSSION

I.   Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and thus are not sufficient to withstand a motion to dismiss.  Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility."  Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

The Court must liberally construe a pro se litigant's submissions and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citation omitted). Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges a civil rights violation. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted). Nor may the Court "invent factual allegations" a plaintiff has not pleaded. Id.

## II. Excessive Force Claims

C.O. von der Heyde and C.O. Osterhoudt contend plaintiff's claims against them are time-barred.

The Court agrees.

At the pleading stage, the Court may dismiss a claim on statute of limitations grounds only if the claim is clearly untimely on the face of the complaint. E.g., Brewer v. Hashim, 738 F. App'x 34, 34–35 (2d Cir. 2018) (summary order) (quoting Harris v. City of New York, 186 F.3d 243, 250 (2d Cir. 1999)). That is, a plaintiff must "plead [him]self out of court." In re marchFIRST Inc., 589 F.3d 901, 904–05 (7th Cir. 2009); see also Harris v. City of New York, 186 F.3d at 250.

A three-year limitations period governs plaintiff's claims. See McDonough v. Smith, 898 F.3d 259, 265 (2d Cir. 2018). Under federal law, a Section 1983 claim accrues "when the wrongful act or omission results in damages, and once the plaintiff knows or has reason to know of the injury which is the basis of his action." Id. (citations and internal quotation marks omitted). A pro se inmate's complaint is deemed filed on the date the inmate delivered it to prison officials for mailing. Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993), modified on other grounds on reh'g, 25 F.3d 81 (2d Cir. 2004).

Plaintiff's original complaint is dated March 20, 2018. (Doc. #2 at 8). His excessive force claims against C.O. von der Heyde and C.O. Osterhoudt accrued when those defendants allegedly subjected plaintiff to excessive force on February 12 and February 13, 2015, respectively—more than three years before plaintiff commenced this action. Accordingly, plaintiff's claims against those defendants are untimely and must be dismissed.

Plaintiff argues his excessive force claims are not time-barred because his "[t]rauma renews it[self]." (Pl. Opp. Br. at 1). That argument lacks merit. "The doctrine of 'continuing harm' precludes a statute of limitations defense where the plaintiff suffers a continuing harm." Allstate Ins. Co. v. Serio, 2000 WL 554221, at *14 (S.D.N.Y. May 5, 2000).[3] But "a continuing violation cannot be established merely because the claimant continues to feel the effects of a time-barred . . . act." Harris v. City of New York, 186 F.3d at 250. So here.

Accordingly, plaintiff's excessive force claims against C.O. von der Heyde and C.O. Osterhoudt are dismissed.

---

[3] The Court will provide plaintiff copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

III. Personal Involvement

Defendants Commissioner Annucci, Supt. Griffin, and Deputy Supt. Wilkins argue plaintiff's claims against them should be dismissed for failure adequately to plead their personal involvement in a violation of plaintiff's constitutional rights.

The Court agrees.

Personal involvement in an alleged constitutional violation is a prerequisite to any Section 1983 claim. See Spavone v. N.Y. State Dep't of Corr. Servs., 719 F.3d 127, 135 (2d Cir. 2013). In other words, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. at 676. Section 1983 liability therefore cannot be predicated on a theory of respondeat superior alone, see City of Canton v. Harris, 489 U.S. 378, 385 (1989), and "[t]he bare fact that [a defendant] occupies a high position in the New York prison hierarchy is insufficient to sustain [a] claim," Colon v. Coughlin, 58 F.3d 865, 874 (2d Cir. 1995).

A Section 1983 plaintiff seeking to hold a supervisor liable for a subordinate's conduct may satisfy the personal involvement requirement by plausibly alleging one or more of the following:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d at 873 (citation omitted).[4]

---

[4] District courts in this Circuit have disagreed whether the second, fourth, and fifth of these factors remain viable. See Marom v. City of New York, 2016 WL 916424, at *15 (S.D.N.Y.

As for Commissioner Annucci, plaintiff claims Annucci "and his subordinates are liable from the bottom up." (Pl. Opp. Br. at 2). That conclusory assertion, unsupported by any specific factual allegations, plainly does not state a viable legal claim. Plaintiff also claims Annucci failed to protect plaintiff from the inmate assailant when Annucci granted plaintiff's request for a transfer to Green Haven, which plaintiff describes as "worse" than Eastern. (Am. Compl. at 5). This argument, too, plainly lacks merit.

As for Supt. Griffin, plaintiff asserts Griffin acted with deliberate indifference to plaintiff's safety by ignoring plaintiff's grievances. However, a prison official's failure to respond to complaint letters or grievances does not, absent more, give rise to a Section 1983 claim. See Mateo v. Fischer, 682 F. Supp. 2d 423, 430 (S.D.N.Y. 2010) (collecting cases).

Lastly, plaintiff asserts Deputy Supt. Wilkins failed to protect plaintiff from the assault at Green Haven because (i) Green Haven had an inadequate or unenforced metal detector policy, (ii) plaintiff's requests for protective custody were ignored, and (iii) "no officers were anywhere to be seen" when the assault occurred. (Pl. Opp. Br. at 2). But plaintiff fails to plead any facts suggesting Wilkins knew of, participated in, created, or countenanced a policy or custom involving metal detectors. Plaintiff also does not allege any specific facts suggesting Wilkins negligently supervised a subordinate. Moreover, the operative complaint lacks any specific allegation supporting plaintiff's speculation that he was assaulted using a metallic weapon, detectable by a metal detector, that was smuggled into Eastern by someone who should have used a metal detector but did not.

---

Mar. 7, 2016), reconsideration granted in part and denied in part, 2016 WL 5900217 (S.D.N.Y. July 29, 2016). The Second Circuit has yet to resolve this dispute. Id

For all these reasons, the Court dismisses plaintiff's claims against Commissioner Annucci, Supt. Griffin, and Deputy Supt. Wilkins for failure adequately to plead their personal involvement.

IV.     Leave to Amend

Rule 15(a)(2) instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Liberal application of Rule 15(a) is warranted with respect to pro se litigants, who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000) (quoting Satchell v. Dilworth, 745 F.2d 781, 785 (2d Cir. 1984)). District courts "should not dismiss [pro se complaints] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)).

However, leave to amend may "properly be denied for . . . 'futility of amendment.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). This is true even when a plaintiff is proceeding pro se. See Terry v. Incorporated Village of Patchogue, 826 F.3d 631, 633 (2d Cir. 2016) (citing Cuoco v. Moritsugu, 222 F.3d at 112).

The Court concludes the facts and circumstances alleged in the complaint, even liberally construed, do not give any indication that a valid claim over which the Court has jurisdiction might be stated. Moreover, plaintiff has already amended his complaint twice. (See Docs. ##6, 10).

Accordingly, the Court concludes plaintiff would not be able to state a valid claim if given another opportunity to amend his complaint; thus, amendment would be futile. The Court therefore declines to grant plaintiff leave to amend the complaint a third time.

## CONCLUSION

Defendants' motion to dismiss is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #37) and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: June 11, 2019
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge